**GRIMM, VRANJES & GREER LLP**
GREGORY D. STEPHAN, Esq. (SBN 134906)
E-mail: gstephan@gvgllp.com
MATTHEW MORACHE, Esq. (SBN 216253)
E-mail: mmorache@gvgllp.com
550 West C Street, Suite 1100
San Diego, CA 92101-3532
Tel: (619) 231-8802  Fax: (619) 233-6039

Attorneys for Plaintiff
NORTH AMERICAN CAPACITY INSURANCE COMPANY

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NORTH AMERICAN CAPACITY INSURANCE COMPANY,<br><br>        Plaintiff,<br><br>    v.<br><br>EVEREST NATIONAL INSURANCE COMPANY,<br><br>        Defendant. | Case No.:<br><br>**NORTH AMERICAN CAPACITY INSURANCE COMPANY'S COMPLAINT FOR EQUITABLE SUBROGATION AND DECLARATORY JUDGMENT**<br><br>Trial Date: None set |

Comes now, NORTH AMERICAN CAPACITY INSURANCE COMPANY (hereinafter referred to as "Plaintiff" or "NAC") and pleads the following allegations on information and belief in support of its Complaint herein.

1. NAC, through the present action seeks reimbursement from EVEREST NATIONAL INSURANCE COMPANY (hereinafter referred to as "Defendant" or "Everest") monies spent by NAC in settlement of the case entitled *Paul Ryan Associates v. 44 Normandie, LLC*, San Francisco County Superior Court Case No. CGC-09-486995 (consolidated with Case No. CGC-09-487339) ("Underlying Action"), that were in excess of the NAC policy limit.

2. NAC further seeks a judicial declaration that the NAC policy at issue is exhausted and that any award against NAC's and EVEREST's mutual insured,

1

COMPLAINT

Paul Ryan Associates, Inc. dba Ryan Associates (hereinafter referred to as "Ryan Associates") in an appeal currently before the California Court of Appeal be deemed damages that are covered under the EVEREST policy.

## JURISDICTION

3.  Plaintiff, NORTH AMERICAN CAPACITY INSURANCE COMPANY is now, and at all relevant times was, a corporation existing under the laws in the state of New Hampshire with its principal place of business in New Hampshire. NORTH AMERICAN CAPACITY INSURANCE COMPANY is and, at all relevant times was, an insurance carrier eligible to do business as an insurer in the state of California.

4.  Plaintiff is informed and believes and thereon alleges that Defendant, EVEREST NATIONAL INSURANCE COMPANY is a corporation organized and existing under the laws of the state of Delaware with its principal place of business in New Jersey. Plaintiff is further informed and believes and thereon alleges that EVEREST NATIONAL INSURANCE COMPANY is and at all times relevant was, an insurance carrier eligible to do business as an insurer in the state of California.

5.  The true names and capacities, whether individual, corporate, partnership, associate or otherwise of defendants Does 1-50, inclusive are presently unknown to Plaintiff. Plaintiff upon information and belief alleges that each of the Doe defendants may be responsible in some manner for the events and happenings herein referred to and legally caused the damages alleged by Plaintiff in its Complaint. Plaintiff will seek to amend this Complaint and set forth the true names and capacities of discovered Doe defendants when their identities become known to Plaintiff.

6.  The amount in controversy is in excess of $75,000.

///

///

7. The Court has diversity jurisdiction under 28 U.S.C. Section 1332, as Plaintiff is domiciled in New Hampshire and the Defendant is domiciled in Delaware and New Jersey.

## VENUE

8. Plaintiff is informed and believes and thereon alleges that the acts and/or omissions at issue in this litigation took place in this judicial district within the state of California. The Underlying Action is pending in this judicial district. Venue therefore, lies with this Court as a substantial part of the events which are subject to the claims asserted herein are located and/or took place in this judicial district.

## FACTUAL ALLEGATIONS RELEVANT TO ALL CLAIMS

9. Plaintiff incorporates by reference each and every allegation contained above as though fully set forth herein.

### Policies of Insurance

10. Plaintiff, NAC, issued Commercial General Liability Insurance Policy No. PNG0000393-06 to Ryan Associates for the period of July 1, 2008 to July 1, 2009 (hereinafter referred to as the "NAC Policy). The NAC Policy provides a primary insurance limit of $1,000,000 per occurrence.

11. Plaintiff is informed and believes and thereon alleges that Defendant, EVEREST issued Excess Policy No. 71R7000082-081 to Ryan Associates (hereinafter referred to as the "Everest Policy") for the period of July 1, 2008 to July 1, 2009. The Everest Policy provides Ryan Associates with $9,000,000 in coverage over the limits of policy's Scheduled Underlying Insurance. The Everest Policy identifies the NAC Policy as the Scheduled Underlying Insurance.

12. Catlin Specialty Insurance Company insured Linbeck Group, LLC ("Linbeck") for Linbeck's work at issue in the Underlying Action.

///

///

## The Underlying Action

13.  44 Normandie, LLC purchased 44 Normandie Terrace in San Francisco, California (the "Property") during the early to mid-2005 and planned an extensive remodel (the "Project").  44 Normandie, LLC hired Ryan Associates as the general contractor for the Project and entered into a Construction Agreement governing the Project on November 14, 2005 (the "Construction Agreement").

14.  On or about November 22, 2005, 44 Normandie, LLC entered into a written agreement with Linbeck for Linbeck to act as "Owner's Representative" during construction.

15.  In April 2009, after approximately three and half years on the Project, 44 Normandie, LLC terminated its contract with Ryan Associates.

16.  On or about the same date, 44 Normandie, LLC initiated suit against Ryan Associates in San Francisco County Superior Court alleging, among other things, defective construction and property damage at the Project.  44 Normandie, LLC's Complaint states causes of action for: Breach of Contract, Breach of Covenant of Good Faith and Fair Dealing, Negligence Per Se – Statutory Violations of Contractors License Laws, and Unfair Business Practices – Business and Professions Code Section 17200.

17.  Ryan Associates tendered its defense of the Underlying Action to NAC.  NAC agreed to defend Ryan Associates under Policy No. PNG0000393-06.

18.  The Underlying Action went to trial at the conclusion of which a total judgment of $17,525,899.55 was awarded against Ryan Associates.  The total judgment consisted of the following categories of damages awarded: (1) Repair Costs Damages After Credits and Off-Sets ($4,016,230.55); (2) Pre-Judgment Interest ($1,271,744.00); (3) Costs of Suit and Attorney Fees ($12,237,925.00); and Post-Judgment Interest ($129.22).  In addition, a supplemental award of $67,376.00 in pre-judgment interest was obtained by 44 Normandie, LLC which

covered the period from October 26, 2018 to the December 21, 2018 hearing on the motion for entry of judgment. That amount was paid, less the supplemental interest award at that hearing. NAC then paid $129.22 in supplemental interest, plus seven (7) days post-judgment interest, on the supplemental award at 10% per annum.

19. Over the course of litigation NAC incurred in excess of $7,868,532.00 in defense expense. This amount does not include amounts that have be incurred to respond to an appeal filed on behalf of Linbeck.

20. As part of the litigation strategy for Ryan Associates' defense, counsel retained to defend Ryan Associates filed cross-claims against the various subcontractors and suppliers that were responsible for construction at the Project. The net amount of settlements obtained by Ryan Associates from third parties was $12,549,684.00. The amounts of the settlement demands to the third parties pursuant to express indemnity obligations by defense counsel were calculated based on the estimated total exposure to Ryan Associates, and by extension NAC, for the various categories of potential damages that may be awarded including repair costs, pre-judgment interest and costs of suit/prevailing party attorneys' fees. The Ryan Associates' third-party demands also took into account the defense expense incurred by NAC as those amounts are also recoverable pursuant to express indemnity.

21. The combined total for all payments by NAC in the Underlying Action was $25,411,028.77. Of this amount, the net repair costs damage award comprises 15.8051%; the pre-judgment and post-judgment interest payments comprise 5.0052%; the combined award of plaintiff's cost of suit and attorney fees comprises 48.1599%; and the estimated total defense costs comprises 31.0298%.

22. The percentages of the amounts comprising each category of the total damages and expense were then used determine the allocation of third-party

///

5
COMPLAINT

recoveries. Thus, the categories of damages and expense were allocated a corresponding percentage of the subcontractor recoveries as follows:

    A.    Net Repair Costs Damages from Judgment:

$     4,016,230.55
<u>    1,983,490.11</u> (15.8051% of recovery x $12,549,684)
$     2,032,740.44

    B.    Pre-Judgment and Post-Judgment Interest:

$     1,271,873.22
<u>    628,136.78</u> (5.0052% of recovery x $12,549,684)
$     643,736.44

    C.    Plaintiff's Cost of Suit and Attorney Fees:

$     12,237,925.00
<u>    6,043,915.26</u> (48.1599% of recovery x $12,549,684)
$     6,194,009.74

    D.    Total Defense Costs and Fees (estimated):

$     7,885,000.00
<u>    3,894,141.85</u> (31.0298% of recovery x $12,549,684)
$     3,990,858.15

23. In sum, because the settlement demands to the third-party indemnitees were based on projected liability for not only damages to repair the Project, but also liability for prevailing party fees and costs, prejudgment interest and NAC's defense expense incurred on behalf of Ryan Associates, those recoveries were allocated to each category by the same method.

24. After applying the amounts recovered to the various categories of expense incurred in defending and settling the Underlying Action, the net judgment for repair costs damages payable under the per occurrence policy limit of the NAC Policy was $2,032,740.44. As the per occurrence limit of the NAC

///

6

COMPLAINT

1  Policy is $1,000,000, the amount of covered damages exceeded that limit by
2  $1,032,740.44.

3  25.  Everest was timely informed that the net exposure to Ryan Associates
4  for damages covered by the Everest Policy would exceed the $1,000,000 per
5  occurrence NAC Policy limit.  Accordingly, the excess Everest Policy would be
6  called upon to contribute to the indemnification of Ryan Associates in the
7  settlement of the Underlying Action.

8  26.  Everest disclaimed any obligation to indemnify Ryan Associates in
9  the Underlying Action.

10  27.  Final judgment in the Underlying Action was entered on December
11  21, 2019.

12  28.  On January 3, 2019, NAC satisfied the judgment against Ryan
13  Associates which included payment of $2,032,740.44 for repair costs damages to
14  the Project.  Everest was notified of the exhaustion of the NAC Policy limits.

15  29.  Subsequently, NAC made a demand to Everest for reimbursement of
16  amounts incurred in excess of the NAC Policy limit.  Everest again denied any
17  obligation to indemnify Ryan Associates for the claims asserted the Underlying
18  Action.

19  **Catlin/Linbeck Appeal**

20  30.  On or about March 12, 2012, 44 Normandie, LLC named Linbeck as
21  defendant in its First Amended Complaint asserting causes of action for: Breach
22  of Contract, Breach of Covenant of Good Faith and Fair Dealing, Negligence Per
23  Se – Statutory Violations of Contractors License Laws, and Unfair Business
24  Practices – Business and Professions Code Section 17200.

25  31.  On or about July 25, 2013, Linbeck named Paul Ryan Associates as
26  a cross-defendant in its First Amended Cross-Complaint asserting causes of action
27  for: Breach of Contract – Third Party Beneficiary, Express Contractual Indemnity,
28  Equitable Indemnity and Contribution and Declaratory Relief.

7

COMPLAINT

1      32.    NAC and Catlin provided a defense to Linbeck for the claims asserted by 44 Normandie, LLC.

33.    Linbeck and 44 Normandie, LLC entered into a settlement agreement without adjudicating their respective claims prior to the commencement of the trial. Per the settlement agreement, Linbeck promised to pay $2,600,000 to 44 Normandie, LLC. The settlement was funded by Catlin.

34.    Catlin subsequently intervened in the case and asserted, in its own name, the right to recover the fees and costs spent defending and settling the claims of 44 Normandie, LLC from Ryan Associates.

35.    On September 19, 2014, Catlin filed its First Amended Complaint in intervention which incorporated Linbeck's cross-complaint by reference.

36.    Ryan Associates and Catlin filed cross-motions for summary judgment/adjudication on the issue of whether Ryan Associates had an obligation to indemnify or defend Linbeck against the claims asserted by 44 Normandie, LLC pursuant to the Construction Agreement.

37.    In a ruling, dated June 23, 2017, the Court granted Ryan Associates' motion and denied Catlin's motion.

38.    In February 2019, both Ryan Associates and Catlin filed notices of appeal on the summary judgment ruling. Ryan Associates appealed the ruling that denied it prevailing party attorneys' fees pursuant to the terms of the Construction Agreement. Catlin appealed the ruling that it was not entitled to indemnification from Ryan Associates for the claims asserted by 44 Normandie, LLC.

39.    Despite the exhaustion of the NAC Policy, NAC continues to provide a defense to Ryan Associates in the Catlin appeal.

40.    Notwithstanding Everest's timely notice of the exhaustion of the NAC Policy, Everest has disclaimed any responsibility for the Catlin appeal.

41.    Because the NAC Policy is exhausted for the claims asserted in the Underlying Action, any obligation of Ryan Associates to Linbeck pursuant to the

indemnity provisions of the Construction Agreement, if awarded on appeal, would be considered damages payable under the Everest Policy.

## FIRST CAUSE OF ACTION FOR EQUITABLE SUBROGATION

42. Plaintiff incorporates by reference Paragraphs 1 through 41 of this Complaint as fully set forth herein.

43. NAC contends that Ryan Associates suffered a loss by virtue of the Underlying Action for which Everest was primarily liable.

44. The NAC Policy provided a per occurrence limit of $1,000,000 to Ryan Associates for the claims asserted in the Underlying Action.

45. The Everest Policy provides $9,000,000 in coverage to Ryan Associates over the limits of the NAC Policy.

46. NAC has satisfied the judgment against Ryan Associates in the Underlying Action by virtue of payment of covered damages in the amount of $2,032,740.44. An amount in excess of the NAC Policy limit by $1,032,740.44.

47. NAC did not act as a volunteer in payment of the excess judgment. Rather, NAC was forced to pay the judgment beyond the NAC Policy limit in order to protect its interests as Ryan Associates' primary insurer due to the failure Everest, and Does 1 through 50, to indemnify Ryan Associates in the Underlying Action beyond the limits of insurance provided by the NAC Policy.

48. Ryan Associates has an assignable cause of action against Everest and Does 1 through 50, which Ryan Associates could have asserted on its own behalf.

49. NAC has suffered damage by its payment of the judgment of $1,032,740.44 in excess of the NAC Policy limit and those damages should rightfully have been paid by Everest and/or Does 1 through 50.

50. Justice requires that the loss in excess of the NAC Policy limit be entirely shifted from NAC to Everest and/or Does 1 through 50, whose equitable positions are inferior to NAC's because their policies required them to indemnify

///

9

COMPLAINT

1  Ryan Associates in the Underlying Action for amounts exceeding the NAC Policy
2  limits.
3      51.  The excess amount paid by NAC to satisfy the judgment in the
4  Underlying Action for covered damages is a set sum of $1,032,740.44, and the
5  payment was reasonable and not voluntary.

## SECOND CAUSE OF ACTION FOR DECLARATORY JUDGMENT

7      52.  Plaintiff incorporates by reference Paragraphs 1 through 51 of this
8  Complaint as fully set forth herein.
9      53.  This is an action by NAC for a declaratory judgment pursuant to 28
10 U.S.C. Section 2201 and Federal Rules of Civil Procedure Rule 57. An actual
11 controversy exists between NAC and Everest and Does 1 through 50, regarding
12 their respective rights and obligations under the policies of insurance entered into
13 with Ryan Associates.
14     54.  A declaration is necessary and proper at this time so that the parties'
15 dispute may be resolved.
16     55.  NAC seeks a judicial determination that: (a) under the Everest, and/or
17 Does 1 through 50, policy(ies) issued to Ryan Associates, Everest, and/or Does 1
18 through 50, owed a duty to indemnify Ryan Associates in the Underlying Action
19 for amounts in excess of the NAC Policy per occurrence limit, and NAC is entitled
20 to recover from Everest, and/or Does 1 through 50, the amount of $1,032,740.44
21 under the doctrine of equitable subrogation; (b) the NAC Policy limit for the claims
22 asserted in the Underlying Action is exhausted and that NAC has no further
23 obligation to defend or indemnify Ryan Associates in the Underlying Action; and;
24 (c) any damages recovered by Catlin in its appeal of the trial court's ruling that
25 Catlin was not entitled to indemnification from Ryan Associates in the Underlying
26 Action pursuant to the Construction Agreement be deemed "damages" payable as
27 indemnity within the aggregate limits of the Everest Policy pursuant to *Golden*
28 / / /

*Eagle Ins. Co. v. Ins. Co. of the West*, 99 Cal. App. 4th 837, 850, 121 Cal. Rptr. 2d 682, 690 (2002).

## **PRAYER**

WHEREFORE, NAC prays for judgment against Everest and Does 1 through 50, inclusive, and each of them, as follows:

FOR THE FIRST CAUSE OF ACTION FOR EQUITABLE SUBROGATION

    1) For reimbursement by Everest, and/or Does 1 through 50, $1,032,740.44 which NAC paid in excess of the NAC Policy limit;

    2) For prejudgment interest thereon;

FOR THE SECOND CAUSE OF ACTION FOR DECLARATORY JUDGMENT

    3) For a declaratory judgment setting forth NAC's respective rights to recover the amounts it paid in defending and indemnifying Ryan Associates in excess of the NAC Policy limits from Everest, and/or Does 1 through 50, in accordance with NAC's contentions as set forth above, plus prejudgment interest;

AS TO ALL CAUSES OF ACTION

    6) For NAC's costs of suit incurred herein; and

    7) For such other and further relief as the Court may deem just and proper.

Dated: November 19, 2020                                    GRIMM, VRANJES & GREER LLP

By: *Matthew Morache* /s/
    Gregory D. Stephan
    Matthew Morache
    Attorneys for Plaintiff
    NORTH AMERICAN CAPACITY
    INSURANCE COMPANY

W:\Cases\2169956\PLD\C\02290873.DOCX